UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
SHEVY GOLD,                                : Civil Action No.:
                                           :
                    Plaintiff,             :
                                           :
       vs.                                 :
                                           : COMPLAINT FOR VIOLATIONS OF THE
EQUIFAX INFORMATION SERVICES,              : FAIR CREDIT REPORTING ACT
LLC, EXPERIAN INFORMATION                  :
SOLUTIONS, INC., CITIBANK, N.A., and       : DEMAND FOR JURY TRIAL
HSBC BANK USA, N.A.,                       :
                                           :
                    Defendants.            :
--------------------------------------------------------------- x

Plaintiff Shevy Gold ("Plaintiff"), brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel and upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff suffered harm as a result of false and inaccurate information published by defendants Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), consumer reporting agencies ("CRAs") as defined under 15 U.S.C. § 1681a(f) (collectively, "CRA Defendants").

2. Through the dissemination of consumer background reports, as that term is defined by 15 U.S.C. § 1681a(d), CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including Equifax reporting an improper account balance by defendant Citibank, N.A. ("Citi"). Defendant Experian further reported inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including the reporting of an inaccurate account balance and past due amount by defendant HSBC Bank USA, N.A. ("HSBC").

3. Despite CRA Defendants receiving dispute letters from Plaintiff concerning inaccurate information reported on Plaintiff's accounts with Citi and HSBC (collectively, "Furnisher Defendants"), CRA Defendants and Furnisher Defendants (collectively, "Defendants"), willfully, intentionally, recklessly and/or negligently continued to report inaccurate information on Plaintiff's consumer background reports.

- 1 -

4. Egregiously, CRA Defendants failed to delete the inaccurate information even though Plaintiff *disputed the materially misleading inaccuracies in writing* via CRA Defendants' established mechanisms and procedures to dispute consumer credit information.

5. After receiving Plaintiff's dispute letter to it, Defendant Experian subsequently sent a response to Plaintiff, and in its response failed to modify the inaccurate account balance and past due amount, moreover, Defendant Experian and/or Defendant HSBC changed the Date of Status dates on the HSBC account from January 2019 to February 2019. These dates, however, reflect static dates that should never change, and by "re-aging" the account in a misleading fashion, Experian and HSBC adversely affected credit decisions by prospective lenders. Moreover, the re-aging of the HSBC account and manipulation of the dates artificially lowered Plaintiff's credit scores more than if the account was being reported accurately, since to potential lenders, the account appeared more recently delinquent than it really was.

6. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the disputes; and (ii) when and if appropriate, remove any inaccurate information following the performance of a reasonable investigation. At a minimum, Defendant Equifax was required to mark the status of the account with Defendant Citi as disputed on Plaintiff's consumer background reports but failed to do so.

7. Furnisher Defendants received notice from CRA Defendants that Plaintiff disputed the inaccuracies on Plaintiff's consumer background reports. CRA Defendants failed to conduct reasonable investigations concerning the disputed information within 30 to 45 days, and Citi failed to mark the account as disputed on the credit reports published by Defendant Equifax.

8. CRA Defendants willfully, intentionally, recklessly and negligently failed to do any of the above actions in violation of the FCRA, § 1681 *et seq.* of Title 15 of the United States Code, including § 1681e(b), which obligated CRA Defendants to instate and follow reasonable procedures to ensure maximum possible accuracy in consumer background reports. CRA Defendants willfully, intentionally, recklessly and negligently violated § 1681i, which required CRA Defendants to perform a reasonable investigation and remove the inaccurate information after receiving Plaintiff's dispute letters. After receiving notice of Plaintiff's disputes from CRA Defendants, Furnisher Defendants failed to conduct a reasonable investigation concerning the disputed information in violation of § 1681s-2(b), and Defendant HSBC improperly re-aged the HSBC account, to Plaintiff's detriment.

9. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment, and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

12.     Plaintiff Shevy Gold is a resident of Monroe, NY (Orange), and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c).  Plaintiff is an individual (and not an entity).

**Defendants**

13.     Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district.  Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.  Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc.  Defendant Equifax qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

14.     Defendant Experian Information Solutions, Inc. is a consumer reporting agency that regularly conducts business in this judicial district.  Defendant Experian has a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation, its registered agent for service of process at 111 8th Avenue, New York, NY, 10011.  Defendant Experian qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

15.     Defendant Citibank, N.A. is a subsidiary of Citigroup, Inc. – one of the world's largest financial institutions with headquarters in this judicial district at 399 Park Avenue New York, NY 10022 – and provides commercial and consumer banking products and services.  It

offers checking accounts, savings accounts, certificates of deposit, and individual retirement accounts and rollovers, as well as credit cards. Defendant Citi further offers lending products and investment products and provides business and small business banking products, cash management, treasury management, and merchant services. Defendant Citi qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b) and has a principal place of business located at 701 East 60th Street North, Sioux Falls, SD 57104.

16. Defendant HSBC Bank USA, N.A. is a wholly-owned subsidiary of HSBC Holdings plc, a London bank, and serves as the company's retail bank in the United States. HSBC maintains headquarters in this judicial district at "HSBC Tower" or 452 Fifth Avenue, New York, NY 10005. Defendant HSBC offers customers, *inter alia*, the ability to open personal and business banking accounts and also issues credit cards to consumers. Defendant HSBC qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b), and has a principal place of business located at 1800 Tysons Blvd, Suite 50, McLean, VA 22102.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

17. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) states as follows:

> The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a ***need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

18. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by a consumer and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

19. Consumer reporting agencies compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff has a legally protected interest in CRA Defendants fulfilling their respective duties under the FCRA, so that the information reported and maintained by CRA Defendants is done fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

20. Furnishers receive notice of a consumer's dispute from consumer reporting agencies alerting furnishers of inaccurate information in the consumer's account. Furnishers are then required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, furnishers are obligated to remove any inaccurate information following the performance of a reasonable investigation. At a minimum, furnishers and CRAs are required to mark the status of the tradelines/accounts as disputed on the consumer's background reports.

**Citi**

21.     Upon information and belief, on a date better known to Defendant Equifax, consumer background reports were issued by Equifax that included inaccurate information in connection with an account issued by Citi.

22.     On September 23, 2019, Plaintiff sent a letter to Equifax disputing the reporting of an inaccurate account balance on the Citi account. Upon information and belief, Equifax notified Defendant Citi about Plaintiff's disputes. Upon receipt of the disputes by Equifax, Citi failed to conduct a reasonable investigation and correct the inaccurate information on Plaintiff's consumer background reports. Instead, Citi continues to report the incorrect information on Plaintiff's consumer background reports.

23.     Egregiously, Defendants Equifax and Citi failed to mark the account as disputed in Plaintiff's consumer background reports issued by Defendant Equifax.

**HSBC**

24.     On September 23, 2019, Plaintiff sent a letter to Defendant Experian, disputing the account balance and past due amount listed in the HSBC tradelines. Upon information and belief, Defendant Experian notified HSBC about Plaintiff's disputes. Upon receipt of the disputes by Defendant Experian, Defendant HSBC failed to conduct a reasonable investigation and correct the inaccurate information on Plaintiff's consumer background reports.

25.     The "Date of Status" field is supposed to reflect to prospective viewers of consumer background reports the date in which the account became uncollectible and was charged off.

26.     Egregiously, Defendants Experian and HSBC changed the Date of Status date from January 2019 to February 2019. This date, however, reflects a static date that should never change, and by "re-aging" the account in a misleading fashion, Defendants Experian and HSBC adversely

affected credit decisions by prospective lenders. Moreover, the re-aging of the HSBC account and manipulation of the date artificially lowered Plaintiff's credit scores more than if the account was being reported accurately, since to potential lenders, the account seemed more recently delinquent than it really was.

27. Aside from improperly re-aging the HSBC account, Defendant HSBC also inaccurately reported an improper past due amount on Plaintiff's consumer reports. Plaintiff disputed the accuracy of the reporting of the past due amount with CRA Defendants, including the discrepancy between the account balance and the amount past due. The past due amount field should have matched the outstanding balance, but the HSBC account instead reported an amount that made the account appear as open, when in fact it was not. Upon information and belief, CRA Defendants notified HSBC about Plaintiff's disputes. Upon receipt of the disputes by CRA Defendants, Defendant HSBC failed to conduct a reasonable investigation and correct the inaccurate information on Plaintiff's consumer background reports.

**Plaintiff suffered harm from CRA Defendants' willful, intentional, reckless and/or negligent misconduct**

28. CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

29. The inaccurate information includes the nature of at least one of Plaintiff's tradelines/accounts as well as personal identifying information, including, but not limited to, Plaintiff's accounts with Furnisher Defendants. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer, and Plaintiff's overall creditworthiness.

30. After noticing the inaccuracies reported by CRA Defendants, Plaintiff disputed the inaccuracies in writing via CRA Defendants' established mechanisms and procedures to dispute consumer credit information. Despite being placed on notice of the inaccuracies, CRA Defendants sent Plaintiff correspondence indicating their intent to continue reporting the inaccurate information, and the inaccurate information continues to be published in Plaintiff's consumer background reports.

31. Upon information and belief, CRA Defendants contacted Furnisher Defendants and notified them of the disputes. As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendants should have then sent all the relevant evidence/facts to Furnisher Defendants and requested an explanation as to the reason inaccurate account balances and a past due amount were being reported on Plaintiff's accounts with Furnisher Defendants. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (ii) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (iii) forwarded any relevant information concerning Plaintiff's disputes to Furnisher Defendants; or (iv) requested or obtained any credit applications or other relevant documents from Furnisher Defendants. CRA Defendants willfully, intentionally, recklessly and negligently failed to take any of these steps subsequent to Plaintiff's disputes, importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendants failed to maintain adequate policies and procedures**

32. CRA Defendants systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports they published.

33. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the disputes; and (ii) when and if appropriate, remove any inaccurate information following the performance of a reasonable investigation. At a minimum, Defendant Equifax was required to mark the status of the Citi tradeline/account as disputed on the consumer's background reports but failed to do so.

34. CRA Defendants failed to take any of these steps in violation of the FCRA, and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

35. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

36. The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

37. Under 15 U.S.C. § 1681i, *inter alia*:

(a) Reinvestigations of Disputed Information

(1) Reinvestigation Required

> *In general*. …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer***, and the consumer notifies the agency directly, or indirectly through a reseller, of

such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(2) Prompt Notice of Dispute to Furnisher of Information

(A) *In general.* ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

38. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background reports. Plaintiff disputed the inaccurate information, and still, CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation and remove the inaccurate information.

39. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury, and they are therefore liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Furnisher Defendants for Violation of the FCRA, 15 U.S.C. § 1681s-2(b)

40. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

41. Under 15 U.S.C. § 1681s-2(b), *inter alia*:

After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) *conduct an investigation with respect to disputed information*;

(B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; [and]

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

(Emphasis added).

42. Furnisher Defendants failed to conduct a timely and reasonable investigation of Plaintiff's disputes after receiving notice of Plaintiff's disputes from CRA Defendants. Furnisher Defendants have further willfully, intentionally, recklessly and/or negligently continued to report inaccurate information to CRA Defendants, and Defendant Citi failed to, at a minimum, mark the Citi account as disputed.

43. Instead of removing the inaccurate information, Furnisher Defendants improperly claim that the inaccurate information is verified and verified the inaccurate information to CRA Defendants in response to Plaintiff's disputes. Moreover, Defendant HSBC re-aged the HSBC tradeline to Plaintiff's detriment.

44. Furnisher Defendants' conduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result of Furnisher Defendants' misconduct complained about herein,

Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

45. As a result of Furnisher Defendants' misconduct, Plaintiff is entitled to statutory, actual and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  December 18, 2019          **COHEN & MIZRAHI LLP**
                                    EDWARD Y. KROUB


                                            /s/ Edward Y. Kroub
                                         EDWARD Y. KROUB

                                    DANIEL C. COHEN
                                    EDWARD Y. KROUB
                                    300 Cadman Plaza West, 12th Floor
                                    Brooklyn, NY  11201
                                    Telephone:  929/575-4175
                                    929/575-4195 (fax)
                                    dan@cml.legal
                                    edward@cml.legal

                                    *Attorneys for Plaintiff*